**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS ARANDA-RIOJAS,

Defendant-Appellant.

Case No. 97-1274
(D.C. 96-CR-430-D)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After the district court denied Jesus Aranda-Riojas's motion to suppress evidence, a jury convicted him of violating 8 U.S.C. § 1326, Unlawful Reentry of a Deported Alien. Mr. Aranda-Riojas now appeals that conviction, arguing that the district court committed clear error when it denied his motion to suppress. Because we find no error, we affirm Mr. Aranda-Riojas's conviction.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## FACTS

While on duty at the Denver International Airport, two Denver police officers approached Mr. Aranda-Riojas and his companion, both of whom were standing in the vicinity of a gate from which a flight was scheduled to depart to Los Angeles roughly one hour later. After observing Mr. Aranda-Riojas and his companion for the better part of the hour, the two officers approached them. The officers were dressed in civilian clothing. An Immigration and Naturalization Services agent (who worked in conjunction with the Denver police and was also dressed in civilian clothing) stood nearby.

Sergeant Robert Vescio, after identifying himself as a police officer and showing Mr. Aranda-Riojas his badge and identification, asked Mr. Aranda-Riojas if he could "talk to [him] for a minute." Aplt's App. at 237. Sergeant Vescio did not display a weapon, did not instruct Mr. Aranda-Riojas that he was obliged to answer his questions, and did not say or do anything that would have prevented Mr. Aranda-Riojas from breaking off the encounter.

After briefly questioning Mr. Aranda-Riojas about his name and his plane ticket, Sergeant Vescio requested that Mr. Aranda-Riojas produce some form of identification. Mr. Aranda-Riojas handed Sergeant Vescio his Colorado driver's license.[1] Sergeant

---

[1]Mr. Aranda-Riojas may also have handed Sergeant Vescio a North Carolina driver's license. See Aplt's App. at 238-39.

Vescio testified that he "looked at [Mr. Aranda-Riojas's license] and noted the name." Id. at 237-38.

When an INS agent subsequently ran a background check on Mr. Aranda-Riojas, he discovered that Mr. Aranda-Riojas had been deported from the United States in 1989. Accordingly, Mr. Aranda-Riojas was arrested, and a grand jury returned an indictment charging him with illegally reentering the country in violation of 8 U.S.C. § 1326.

Prior to trial, Mr. Aranda-Riojas made a motion to suppress his "identity." After a two-day hearing, the district court denied Mr. Aranda-Riojas's motion, holding that because Mr. Aranda-Riojas's decision to show his driver's license to Sergeant Vescio was "consensual . . . [and did] not implicate the Fourth Amendment," Sergeant Vescio "lawfully came into knowledge of the identity of the defendant." Aplt's App. at 303-04. Mr. Aranda-Riojas now appeals that decision.

## DISCUSSION

"On appeal from the denial of a motion to suppress, we view the evidence in the light most favorable to the government and accept any factual findings of the district court unless they are clearly erroneous." United States v. Glass, 128 F.3d 1398, 1405 (10th Cir. 1997). However, we review issues of law de novo. Id.

Although Mr. Aranda-Riojas argues to the contrary, ordinarily, "a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure." I.N.S. v. Delgado, 466 U.S. 210, 216 (1984). However, this does not mean that such an

3

encounter cannot become a seizure. We "must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter." Florida v. Bostick, 501 U.S. 429, 439 (1991). Thus, so long as Mr. Aranda-Riojas felt free to decline Sergeant Vescio's request for identification, Mr. Aranda-Riojas's decision to produce his driver's license was consensual and, accordingly, did not implicate the Fourth Amendment.

In Glass, we listed five factors that we have considered in determining whether an encounter was consensual:

(1)     Did the encounter occur in a confined or nonpublic space?

(2)     Were the officers armed or uniformed?

(3)     Did more than one officer confront the defendant?

(4)     Did the officers exhibit an intimidating or coercive demeanor?

(5)     Did the officers ask the defendant potentially incriminating questions?

See 128 F.3d at 1406. In the present case, the Glass factors lead us to conclude that Sergeant Vescio did not seize Mr. Aranda-Riojas's driver's license but, rather, that Mr. Aranda-Riojas consensually produced his license in response to Sergeant Vescio's lawful questioning.

First, the encounter between Sergeant Vescio and Mr. Aranda-Riojas took place in an open, public space in the Denver International Airport. And although Sergeant Vescio

4

and at least one of his fellow officers were armed, they did not display their weapons, and none of the officers wore uniforms. Moreover, while it is true that three law enforcement officers were present in Mr. Aranda-Riojas's vicinity, only one confronted him.

In addition, although Mr. Aranda-Riojas described Sergeant Vescio's tone of voice as "hard," Aplt's App. at 199-201, Sergeant Vescio denied that he used an "authoritative manner" when speaking with Mr. Aranda-Riojas, id. at 240. Construing this evidence in the light most favorable to the government, it fails to demonstrate that Sergeant Vescio exhibited an intimidating or coercive demeanor.

Finally, although Sergeant Vescio's request for identification did, in hindsight, prove to be incriminating, no single factor in the Glass calculus is dispositive. See 128 F.3d at 1406. Thus, we cannot say that Sergeant Vescio's questions regarding Mr. Aranda-Riojas's identity transformed this otherwise consensual encounter into a seizure.

Mr. Aranda-Riojas emphasizes that Sergeant Vescio never testified that he wrote down Mr. Aranda-Riojas's name after examining the driver's license. Mr. Aranda-Riojas also stresses that Sergeant Vescio never testified that he "remembered" Mr. Aranda-Riojas's name from the license. However, Mr. Aranda-Riojas fails to mention that Sergeant Vescio did testify that he "noted the name" when he examined Mr. Aranda-Riojas's license. Aplt's App. at 237-38. Viewing this evidence in the light most favorable to the government, we hold that Sergeant Vescio learned Mr. Aranda-Riojas's name at the time he examined Mr. Aranda-Riojas's driver's license.

5

Mr. Aranda-Riojas devotes much of his brief to events that occurred after he had shown Sergeant Vescio his driver's license. However, as soon as Mr. Aranda-Riojas voluntarily handed his driver's license to Sergeant Vescio, Sergeant Vescio lawfully obtained the very information (Mr. Aranda-Riojas's name) that Mr. Aranda-Riojas now seeks to suppress. Thus, we agree with the district court's conclusion that the ensuing events are "immaterial" to our analysis. See Aplt's App. at 304. Furthermore, because Sergeant Vescio learned Mr. Aranda-Riojas's identity through lawful means, we decline to reach the question of whether a person's identity is a fruit of a search that is capable of being suppressed.

## CONCLUSION

The totality of the circumstances demonstrates that Mr. Aranda-Riojas consensually produced his driver's license in response to Sergeant Vescio's lawful questioning. Thus, the district court properly denied Mr. Aranda-Riojas's motion to suppress. Accordingly, we AFFIRM his conviction.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Robert H. Henry
Circuit Judge

6